

Signed and Filed: July 8, 2013

_____
**THOMAS E. CARLSON U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 11-34331 TEC |
| MARIA AGNES TOLOSA-SISON and BENJAMIN S. SISON, | Chapter 11 |
| Debtors. | |

**MEMORANDUM RE MOTION FOR RECONSIDERATION**

This court held a hearing regarding confirmation of Debtors' chapter 11 plan on May 20, 2013, and entered an order confirming the plan on June 12, 2013. Creditor Arden M. Intengan seeks reconsideration of the order confirming the plan on the basis that the court should have held a trial regarding the value of Debtors' real property. The motion is denied for the reasons set forth below.

Intengan loaned money to Debtors and received a promissory note secured by deeds of trust against five parcels of real property owned by Debtors: Francisco Boulevard, Maywood Avenue, Southgate Avenue, Mandalay Avenue, and Mission Street. Prior to

MEMORANDUM RE MOTION
FOR RECONSIDERATION          -1-

confirmation, Debtors obtained orders determining that Intengan had no secured claim against four of the properties (Francisco, Maywood, Southgate, and Mandalay), because senior liens exceeded the value of each of those properties.  Intengan retained a partially secured claim against the fifth property (Mission Street), because the value of that property exceeded the senior liens against that property.  Intengan's claim was unsecured to the extent the amount owed to her exceeded the value of her interest in Mission Street.

Intengan made a section 1111(b) election in response to Debtors' chapter 11 plan.  Two consequences flow from that election.  First, Intengan retains a lien for the full amount owed her, but that lien applies only against those properties whose value exceeds senior liens by an amount that is not "inconsequential."  Second, by making the election, Intengan lost the right to assert any unsecured claim.

In response to Intengan's section 1111(b) election, Debtors filed an amended plan under which Intengan retained her lien against Mission Street for the full amount of her claim, was to be paid the full amount of her claim without interest in monthly payments of $6,060 for 360 months, and retained no unsecured claim.

Under the valuation orders entered by the court prior to confirmation, the plan properly restricted Intengan's secured claim to the Mission Street property.  The section 1111(b) election was not effective regarding the other properties, because her interest in those properties was "inconsequential."  Thus, following the entry of these valuation orders and her section 1111(b) election, Intengan retains a lien against Mission Street for the full amount

**MEMORANDUM RE MOTION**
**FOR RECONSIDERATION** -2-

she is owed, retains no liens against the other four properties, and has no unsecured claim against Debtors.

Intengan contends that she should have been allowed to re-litigate the value of each of the properties. Intengan is correct that the value of the properties other than Mission Street is legally relevant. If the value of any one of those properties exceeds the amount of senior liens against the property by an amount that was not "inconsequential," then Intengan would retain a lien against that property in addition to her lien against Mission Street. Intengan is also correct that value should generally be determined as of the date of confirmation.

In the present case, the court did not reopen the valuation of the four properties that were the subject of prior valuation orders, because the Intengan did not properly raise the issue at the confirmation hearing. Intengan did state in her memorandum in opposition to confirmation that the values of properties in San Francisco were rising, but she did not tie that assertion to any of the arguments she made in her objection to confirmation, and her supporting declaration contained no statement about the value of any of the properties in question.

In support of the present motion, Intengan did submit some evidence of value. This evidence consists of what purports to be comparable sales and listings. Even if admissible, and even if timely presented, these comparable sales do not call into question the prior orders of the court determining that only Mission Street has any value in excess of senior liens.

| PROPERTY | FRANCISCO | MAYWOOD | SOUTHGATE | MANDALAY |
|---|---|---|---|---|
| Amount of senior lien | $593,072 | $759,658 | $766,524 | $1,270,709 |
| Property value per average | 465,000 | 510,000 | 507,500 | 700,000 |
| Property value per average of Intengan comparables | 586,833 | No comps | No comps | 1,041,000 |
| Intengan's interest in property per prior order | (128,072) | (249,658) | (259,024) | (570,709) |
| Intengan's interest in property per her comparables | (6,239) | N/A | N/A | (229,709) |

To the extent that the value of Mission Street has increased, Intengan is only helped. She retains a lien against that property in the full amount she is owed. Any increase in value of that collateral only increases the likelihood that she will be paid in full. At the same time, no reasonably foreseeable change in the valuation of the collateral would raise a question as to whether the present value of the payments she is to receive under the plan are equal to the value of her interest in the collateral. See 11 U.S.C. § 1129 (a)(7)(B) and (b)(2)(A). This is so because the amount she is owed ($2,181,557) is much larger than the value of her interest in the collateral (approximately $440,000).[1] Payment of the full debt without interest over 30 years is the equivalent of paying the value of collateral with 17 percent interest, a more than adequate discount rate. The value of her interest in the

---

[1] None of the evidence submitted by Debtors or Intengan suggests that the value of the property is more than $1,465,000. The senior lien is $1,027,000. Thus, Intengan's interest in the Mission Street property is $438,000.

**MEMORANDUM RE MOTION**
**FOR RECONSIDERATION** -4-

1 collateral would have to increase from $405,000 to more than
2 $1,000,000 before the discount rate would drop to five percent.
3   In light of the above, the court determines that a hearing on
4 the motion for reconsideration would not be helpful.  The motion
5 for reconsideration is denied.

**\*\*END OF MEMORANDUM\*\***

**MEMORANDUM RE MOTION**
**FOR RECONSIDERATION**           -5-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Maria Agnes Tolosa-Sison |
| | 5061 Mission Street |
| 4 | San Francisco, CA 94112 |
| 5 | Benjamin S. Sison |
| | 5061 Mission Street |
| 6 | San Francisco, CA 94112 |
| 7 | Arden M. Intengan |
| | 4147 Clarinbridge Cir. |
| 8 | Dublin, CA 94568 |